**Jorge A. ELLIOTT, Appellant,**

v.

**Sarah H. ELLIOTT, Respondent.**

**No. WD 31327.**

Missouri Court of Appeals,
Western District.

June 23, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 24, 1981.

Application to Transfer Denied
Oct. 13, 1981.

Donald L. Crow, Kansas City, for appellant.

Joe F. Willerth, Independence, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

NUGENT, Judge.

Petitioner Jorge A. Elliott appeals from the judgment of dissolution of a childless marriage of September 20, 1979, and the action of the trial court of October 5, 1979, overruling his motion to amend that judgment and opinion and for a new trial. The decree of dissolution set aside nonmarital property to each party, divided the marital property, awarded maintenance in gross to Mrs. Elliott, and ordered Mr. Elliott to pay her attorney's fees, suit money and court costs as well as debts of the parties. We affirm the judgment as modified.

Familiar tenets of judicial review require us to sustain the judgment of the trial court unless no substantial evidence supports it or it is against the weight of the evidence or the judgment either erroneously declares or applies the law. In this case the evidence supports the decree in all respects except as to the award of a baker's rack to Mrs. Elliott.

The parties were married on November 7, 1974, and separated in February, 1979. Although they had no children, as many as seven children from their previous marriages lived with them. Mr. Elliott, the appellant, is a practicing attorney. Mrs. Elliott had no gainful outside employment before or during the marriage.

In his petition the husband prayed for a temporary order restraining the wife from disposing of any property, a temporary or-

der requiring her to notify him of and account to the court for all extraordinary expenditures made after the issuance of the restraining order, and an order distributing the marital property. The wife's answer and counter-petition alleged that her investments in his residence entitled her to an interest in that nonmarital property, that duties performed for the five Elliott children should be considered in the division of the marital property, and that her lack of funds warranted an award of maintenance, attorney's fees and costs of the action.

The record of the trial is a testament to the patience of the trial judge and to the hostility of the parties. Countless pages of the transcript list both significant and trivial assets and personal properties larded with conflicting evidence as to their marital versus nonmarital character. The balance of the testimony consists of barrages of accusations, each party attacking the moral character and the conduct of the other. The record of their expenses demonstrates that the life style of the family greatly exceeded their reported income. In this appeal Mr. Elliott protests the division of the marital property, the award of maintenance in gross and the award of attorney's fees to his spouse.

The appellant complains of numerous errors in the trial court's division of the marital property, including the granting of a disproportionate share to the respondent, the failure to consider the husband's contributions and the wife's dissipation of assets, the court's finding some property to be gifts to Mrs. Elliott, the failure to set a value on two items of nonmarital property, the finding that his automobile was marital property, and the distribution of fixtures in his home to her. Under the usual standard of review and § 452.330, RSMo 1978, we affirm the judgment with one modification and the following observations.

Section 452.330–1 provides that the trial judge shall set apart nonmarital property to each party and shall divide the marital property

... in such proportions as the court deems just after considering all relevant factors including:

(1) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(2) The value of the property set apart to each spouse;

(3) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children; and

(4) The conduct of the parties during the marriage.

The record indicates that each of the parties brought considerable personal property into the marriage. In addition, Mr. Elliott had his house and other assets, and Mrs. Elliott had cash from the sale of two houses. A part of her money was used to pay her premarital debts; the rest was invested in redecorating the husband's house. On the basis of extensive testimony and the exhibits, the trial judge set aside nonmarital property to each party, and identified, valued, and divided the marital property. Appellant complains that debts of over $111,000.00 were assigned to him, thereby negating the value of any property set aside to him. An analysis of those debts, however, reveals that $54,000.00 was the debt on his house (nonmarital property) and more than $30,000.00 was money he owed to his grandmother and to a custodial account for his five children from a previous marriage. Over $1,000.00 appears to be debts related to the horse, marital property set aside to him. The record convinces us that the trial judge made a reasonable division of the marital property and debts and properly considered all factors relating to such a division, including those factors enumerated in § 452.330–1.

During the marriage numerous antiques and family heirlooms were acquired from the wife's parents. The trial court set

this property aside to her. § 452.330–2 (1).[1] Mr. Elliott contends that the trial court erred in not finding those items to be gifts to both him and his spouse and, therefore, marital property under subsection 3 of § 452.330, which provides that "[a]ll property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property . . . ." This court in *Anderson v. Anderson*, 584 S.W.2d 613 (Mo.App.1979), held at 615 that such a "presumption can be overcome by showing that the property was acquired by gift, but such a showing becomes a question of fact upon which the burden of proof rests upon the one claiming that the acquisition was by gift." The record supports the judgment of the trial court that the furniture in question, consisting of antiques that had been in Mrs. Elliott's family for several generations, was a gift to her alone.

■ Appellant also contends that the trial court erred in failing to determine the values of distributed property. He overlooks the fact that the court's decree incorporated by reference the exhibits which listed the assets of the parties and their values, thereby determining their values. More specifically, appellant complains that the court failed to set aside to him certain shares of Litton stock as nonmarital property. He does not claim that he lost possession or ownership of the stock by the omission of it from the list of his nonmarital property. Nor does he show how the omission otherwise prejudiced him. In these circumstances the omission was not erroneous, but assuming arguendo that it was, nevertheless it was de minimis and harmless.

■ Mr. Elliott further complains that the court omitted from its division of property consideration of the value of a judgment in favor of Mrs. Elliott against her previous husband for back child support.

Absent compelling authority to the contrary we hold that such a judgment is not an asset of the custodial parent to be considered at any point in the calculation of that parent's total assets in the dissolution of a later marriage. We know of no such authority.

■ Two or three months before trial, Mr. Elliott traded an automobile he had owned prior to this marriage for a new 1979 Chevrolet, borrowing the balance of the purchase price. Absent evidence to the contrary, one may logically conclude from all the evidence adduced here that some marital funds were used for the early monthly payments on that debt.[2] The trial court set the vehicle aside to Mr. Elliott as marital property. Ordinarily, where marital and nonmarital property are commingled and later traded for new property, the new acquisition is held to be marital property. *Id.* at 615; *Marriage of Badalamenti*, 566 S.W.2d 229, 236 (Mo.App.1978). In any event, the record demonstrates that the trial judge was aware of the encumbrance when he awarded the car to Mr. Elliott as part of his marital property.

■ Mr. Elliott correctly characterizes his final complaints about the division of marital property as "de minimis". They concern the award of an ice maker, a lamp and a mailbox to his spouse and of certain household "fixtures" to him. Those contentions have no merit. His complaint regarding the award to Mrs. Elliott of a baker's rack which she identified as his, however, requires us to direct modification of the decree. The baker's rack belongs to him.

The trial judge declined to award Mrs. Elliott what he termed "statutory maintenance". Apparently he meant a continuing allowance such as might be justified by a long marriage. Nevertheless, following the

---

1. Section 452.330–2 reads in relevant part:

    For purposes of sections 452.300 to 452.415 only, "marital property" means all property acquired by either spouse subsequent to the marriage except:

    (1) Property acquired by gift, bequest, devise or descent.

2. Although the record is not explicit, we assume that this debt was part of the $111,000.00 assigned by the court to the appellant.

guidance of § 452.335 [3], the court made these findings:

> The Court, specifically considering these debts in the award it makes regarding maintenance, in making this disposition of property, the Court has considered the contribution of each spouse to the marital property, the value of the property set apart to each spouse, the economic circumstances of each spouse, and the conduct of the parties during the marriage.
>
> . . . .
>
> Considering the circumstance of the respondent, the Court has determined that she lacks sufficient property, including the marital property set aside in this cause of action, to provide for her reasonable needs in the immediate future.
>
> The Court finding that the respondent has, for all practical purposes, never been employed in a full-time capacity and was, by virtue of necessity, because of the number of children involved on both sides, required to be a homemaker during the term of this marriage. The Court has further considered the financial resources of the respondent, including the property that she had prior to the marriage, and a time period in which the Court deems necessary for her to require sufficient training in order that she may properly support herself and the standard of living maintained during the marriage.

> The Court has further considered, in determining the amount of gross maintenance, the fact that the petitioner has failed to provide support for her, with the exception of $60.00, since the date she left the household. The Court, therefore, awards gross maintenance to the respondent in the amount of $15,500.00.

■ Giving due deference to the court's conclusion as to credibility, we hold that the evidence amply supported the trial judge's findings and that he correctly applied the law in awarding Mrs. Elliott $15,500.00 maintenance in gross.

■ Finally, appellant contends that because of the trial court's apportionment of debts and marital and nonmarital property, Mrs. Elliott is better able than he to pay her attorney's fees. Section 452.355, RSMo 1978, provides that a court "after considering all relevant factors including the financial resources of both parties" may order one party to pay reasonable attorney's fees for the other. Mr. Elliott does not question the reasonableness of the fees nor the broad discretion vested in the trial court to make such an order. The instant case is in accord with D___ E___ W___ v. M___ W___, 552 S.W.2d 280 (Mo.App.1977), where the court at 284 held: "The trial court's order to pay attorney's fees is supported by its finding that respondent was unable to meet

---

**3.** Section 452.335 is as follows:

1. In a proceeding for nonretroactive invalidity, dissolution of marriage or legal separation, or a proceeding for maintenance following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

2. The maintenance order shall be in such amounts and for such periods of time as the court deems just, and after considering all relevant factors including:

(1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(3) The standard of living established during the marriage;

(4) The duration of the marriage;

(5) The age, and the physical and emotional condition of the spouse seeking maintenance;

(6) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance; and

(7) The conduct of a party seeking maintenance during the marriage.

her needs and that appellant, while presently in debt, realistically had the potential to better his financial condition."

Accordingly, the judgment is affirmed with one modification, that the trial court amend its decree of dissolution by awarding the baker's rack to Mr. Elliott.

All concur.

