In re MARRIAGE OF ROBERT J. EMERSON, Plaintiff-Appellant, and GEORGIANN EMERSON, Defendant-Appellee.

Second District   No. 82—665

Opinion filed June 16, 1983.

Roger T. Russell, of Victor, LaFayette & Russell, of Rockford, for appellant.

Robert C. Becker, Jr., of Genoa, for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Robert J. Emerson, appeals from an order of the circuit court of Boone County denying his petition in which he sought termination of child support pursuant to section 510 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 510) and, alternatively, to vacate portions of a judgment of dissolution pursuant to section 2—1401 of the Illinois Code of Civil Procedure (formerly section 72 of the Civil Practice Act). (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401.) We affirm.

Plaintiff married defendant Georgiann Emerson on February 19, 1971, and on June 3, 1971, defendant gave birth to a child, Dawn M. Emerson; the birth certificate listed plaintiff as Dawn's father. There-

after, on September 10, 1979, plaintiff filed a petition for dissolution of the marriage in the circuit court which alleged, *inter alia*, that "*** one child has been born of the marriage, to-wit: Dawn M. Emerson, age 8." Defendant admitted that allegation in her answer to the petition and plaintiff testified accordingly in the dissolution hearing. On December 12, 1979, a judgment of dissolution was entered which found that Dawn M. Emerson had been born of the marriage, her custody was given to defendant and plaintiff was ordered to pay $50 per week for child support. No direct appeal was taken from the judgment nor was a section 72 petition filed within two years thereafter.

On January 12, 1982, plaintiff filed a petition to terminate child support which, as amended, sought in count I to terminate child support pursuant to section 510 of the Act based upon a substantial change in circumstances caused by plaintiff's alleged discovery that he was not the father of Dawn M. Emerson. On the same grounds, in count II, plaintiff sought to vacate those portions of the decree which established the paternity of Dawn pursuant to section 72 of the Civil Practice Act (now section 2—1401 of the Code of Civil Procedure).

At the hearing of the petition, both plaintiff and defendant testified they had first met in October 1970. At that time defendant was married to Ronald Stelling, but that marriage was dissolved on October 30, 1970. Plaintiff and defendant began dating in early November and first had sexual relations in mid-November 1970. Approximately two weeks later, during the first week of December 1970, defendant was advised by her physician that she was three months pregnant. She informed plaintiff of this fact and told him she thought Ronald Stelling was the father. Notwithstanding this situation, the parties married in February 1971. Plaintiff testified he thought there was a possibility that he was the father of the child, but always had doubts and was "reasonably sure" he wasn't the father. After the child's birth plaintiff treated her as his child throughout the marriage, the dissolution and thereafter until May 1981. In May 1981 plaintiff had a telephone conversation with defendant in which she informed him for the first time, unequivocally, that he was not Dawn's father; since that time plaintiff has not seen the child.

The trial court denied plaintiff's petition finding (1) that plaintiff's prior knowledge of probable nonpaternity and his acknowledgement of the child equitably estops him from now denying paternity; (2) that the prior dissolution decree is *res judicata* on the issue of paternity; (3) that plaintiff has shown no fraud upon which to base section 72 relief sought more than two years after judgment; and (4) that there was no change of circumstances sufficient to justify relief pursuant to

section 510 of the Act.

■■ ■ It is apparent that plaintiff was aware of all of the circumstances surrounding the possible paternity of the child, nonetheless, he married defendant and permitted his name, as father, to be placed on the birth certificate. Plaintiff alleged in his petition for dissolution that Dawn was born of the marriage, testified accordingly at the hearing and acquiesced to the dissolution judgment which established his paternity. Plaintiff thereafter complied with the child-support requirements of the judgment until, more than two years after its entry, he sought to vacate it, in part, solely because defendant had unequivocally stated a fact of which he had been "reasonably sure" since his marriage to her in 1971. Under these circumstances we consider plaintiff estopped to deny paternity of the child as found in the judgment and that determination is *res judicata* for purposes of his post-decree petition. *Fohr v. Fohr* (1979), 75 Ill. App. 3d 575, 579, 394 N.E.2d 87, 90; *Sanders v. Sanders* (1977), 55 Ill. App. 3d 248, 251, 371 N.E.2d 121, 124-25, *appeal denied* (1978), 71 Ill. 2d 601.

In *Fohr*, the father filed a post-decree petition seeking to transfer custody of the children from the mother. The mother contended that he was not the actual father of the children notwithstanding that she had sought the judgment which established his paternity. The reviewing court found that the judgment determining parentage was *res judicata* and that the mother's efforts in seeking it estopped her from contending to the contrary in order to obtain a present favorable judgment. In *Sanders*, the same result was reached where the mother sought custody and the father denied maternity. Although in the present case both parties now say plaintiff is not the biological father, plaintiff has not established any facts which would alter the estoppel and *res judicata* effect of his prior representation to the court or the judgment.

■ Plaintiff has also failed to establish facts which would entitle him to relief under section 510 of the Illinois Marriage and Dissolution of Marriage Act or section 2—1401 of the Code. Section 510 provides, in part:

> "the provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to the filing of the motion for modification with due notice by the moving party and only upon a showing of a *substantial change in circumstances*." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 40, par. 510.)

The trial court's finding whether there has been a substantial change in circumstances warranting modification of child support is one

which rests in its sound discretion and will not be reversed absent a showing of an abuse of that discretion. (*In re Marriage of Butler* (1982), 106 Ill. App. 3d 831, 836, 436 N.E.2d 561, 564-65; *Harner v. Harner* (1982), 105 Ill. App. 3d 430, 434, 434 N.E.2d 465, 468-69.) Normally, factors to be considered by the trial court in exercising its discretion regarding modification of child support provisions include financial resources of children, financial status of custodial parent, financial resources of noncustodial parent, standard of living the children would have enjoyed in absence of divorce, and physical, emotional and educational needs of the children. (*In re Marriage of Butler* (1982), 106 Ill. App. 3d 831, 836, 436 N.E.2d 561, 564-65; *Runge v. Kohn* (1981), 102 Ill. App. 3d 356, 361, 430 N.E.2d 58, 62.) In the present case plaintiff has shown no change in these circumstances. At most, he has shown merely a change of mind by the parties regarding paternity. The trial court did not abuse its discretion in finding there had been no change in circumstances which would permit the modification sought by plaintiff.

■ Similarly, plaintiff is not entitled to relief under section 72 of the Civil Practice Act (now codified as section 2—1401 of the Code). Section 72 provides, in part:

"(3) The petition must be filed not later than 2 years after the entry of the order or judgment. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." (Ill. Rev. Stat. 1981, ch. 110, par. 72.)

Since plaintiff filed his section 72 petition more than two years after the entry of the judgment of dissolution, he must show that the grounds asserted for relief were fraudulently concealed from him. Although a fraudulently obtained judgment may be attacked at any time (*Pennington v. Pennington* (1975), 27 Ill. App. 3d 344, 349, 326 N.E.2d 431, 434), it is not sufficient for a party to come into court and simply assert that the judgment was premised upon false facts and that a good defense exists. (*Filosa v. Pecora* (1974), 18 Ill. App. 3d 123, 128, 309 N.E.2d 356, 360.) Rather, the party must show that such facts could not reasonably have been disclosed at or prior to the entry of judgment and also requires a showing of due diligence by the petitioner. (*Bennett v. Gollant* (1970), 127 Ill. App. 2d 224, 231, 262 N.E.2d 34, 37, *appeal denied* (1970), 44 Ill. 2d 586.) As previously noted, plaintiff testified that he had knowledge of all of the relevant facts concerning the child's paternity at the time of his marriage to defendant. It is specious to contend, at this late date, that defendant's

prior failure to unequivocally state plaintiff was not the child's father constituted fraudulent concealment from him. Motions under section 72 are addressed to the sound discretion of the trial court and will not be overturned absent abuse. (*In re Marriage of Hopkins* (1982), 106 Ill. App. 3d 135, 137, 435 N.E.2d 897, 899; *Schiffman v. Bowman* (1980), 88 Ill. App. 3d 766, 769-70, 411 N.E.2d 71, 74.) While this section is an exception to the general rule that the trial court loses jurisdiction after 30 days, the exception is limited and requires that a party allege and prove a proper ground for relief. (*Kelly v. Kelly* (1982), 105 Ill. App. 3d 136, 140, 434 N.E.2d 55, 58, *appeal denied* (1982), 91 Ill. 2d 570.) Section 72 was not intended to relieve a party from the consequences of his own mistake or serve as a remedy for a belated change of mind. (*Kelly v. Kelly* (1982), 105 Ill. App. 3d 136, 140, 434 N.E.2d 55, 58, *appeal denied* (1982), 91 Ill. 2d 570; *In re Estate of Reilly* (1979), 68 Ill. App. 3d 906, 912-13, 386 N.E.2d 462, 467.) In light of these criteria, we find no basis in the record for the relief requested by petitioner.

Accordingly, the judgment of the circuit court of Boone County is affirmed.

Affirmed.

REINHARD and UNVERZAGT, JJ., concur.