Dorothy Jean PENN, Respondent,

v.

Gene Arthur PENN, Appellant.

No. WD 33893.

Missouri Court of Appeals, Western District.

May 31, 1983.

As Modified Aug. 2, 1983.

Rehearing Denied Aug. 2, 1983.

Kimberly Loving, St. Joseph, for appellant.

Grace S. Day, St. Joseph, for respondent.

Before SOMERVILLE, C.J., and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

In this dissolution proceeding the court found the marriage was irretrievably broken, dissolved the relationship, awarded custody of the child Dean to the mother,

ordered payment of $70 per week for the son, set apart separate property to the husband, and made a division of the marital assets and assigned values.

The evidence was, and the court found, that prior to separation, certificates of deposit in the sum of $94,000 [with accrued interest of $11,000] and a savings account of $7,400 were held in the joint names of the husband and son—but were actually assets of the marriage. Within months of the separation, the husband—an over-the-road truck driver—used these funds to purchase the Alfarm Trucklines corporation as sole owner. The cost of these assets was some $80,000 and the balance of the funds went into the operation of the new business. Alfarm grossed $440,000 during its year 1981 operation, yielded $40,000 in taxable income, but the net proceeds were used to pay indebtedness on trailers, and the business simply was not profitable. At the time of the dissolution proceedings in May of 1982, the husband surmised, the business was worth no more than $30,000. The corporation by then owned accounts receivable of about $61,000 and owed a contingent liability of $34,000 to the Teamsters Pension Fund. There was $5,747 in the corporation bank balance.

The court found that the husband physically abused the wife and was guilty of other misconduct—that he kept a paramour and secured her financial obligation. The court noted that the husband misrepresented certain material evidence at the proceeding, and so was disinclined to believe his narratives. The court concluded that at the very least the husband had squandered the marital estate by unwise investment.

The court set over to the wife from the marital property the residence [assigned value—$45,000], an automobile [$500], household and personal effects [$2,000], and—other than for trifles—a Chevrolet Titan diesel tractor [$12,000]—among other items. The husband was ordered to pay the wife an additional sum of $3,695.50. The value of the division to the wife, by this schedule, was about $68,000.

The court apportioned to the husband assorted vehicles and domestic tractors [about $10,000], guns, furniture and tools [about $1,500] and the total shares—one hundred—in the Alfarm Trucklines. The court assigned the value of $57,000 to the shares. In addition, the order directed transfer to the husband of the corporation accounts receivable [$61,000] "and all other assets and all liabilities in relation to the Alfarm Trucklines, Inc., including the $34,000 contingent liability with the Teamster's Pension fund, all of which obligations are Ordered to be paid by respondent [husband]." Thus, the court included in the ledger of marital property not only the value of the shares of the corporation already in the name of the husband [assigned value—$57,000], but also the accounts receivable of the corporation [$61,000] and the corporation bank balance of $5,747 as well—and assigned to each a separate value. Thus, the composite value of the property set over to the husband as marital property—as reckoned by the order—was some $135,000—less the $34,000 contingent liability—or a net distribution of some $100,000 in value.

■ It is *evident that the court came to* whatever equivalence the property division intended by a formula which treats the corporation shares separately from the corporation assets and liabilities, assigns to each a separate value, and then sets them over to the husband as separate assets. It is evident also that the court intended under the domestic relations order to invest *the corporation accounts receivable and the* other assets [bank balance] as the individual property of the husband and to render the corporation contingent liability his personal obligation. In effect, the decree purports to operate on the property of the corporation—an entity not a party to the litigation nor otherwise subject to the jurisdiction of the court. A shareholder—even one who *holds all the shares—does not have legal* ownership of the corporation property. The title remains in the corporation. *Terry v. Reciprocal Exchange,* 268 S.W. 421, 424[4] (Mo.App.1925); *Walters v. Larson,* 270 S.W.2d 112, 115[2–4] (Mo.App.1954). *V.M.*

*v. L.M.,* 526 S.W.2d 947 (Mo.App.1975) determines the principle [l.c. 951[10]]:

> [T]he court had no authority to award the business known as M__ Oil Company, Inc. and the property of the corporation to the husband. This decree purports to affect the property of the corporation and the rights of the remaining shareholders. "A judgment can be taken only for or against a party to the action." 49 C.J.S. Judgments § 28. As to the corporation the court was limited to the disposition of the stock owned by the parties which is admittedly marital property.

*See also In re Marriage of Schulz,* 583 S.W.2d 735, 742 (Mo.App.1979); *Davis v. Davis,* 544 S.W.2d 259 (Mo.App.1976).

▪ The allocation of the $61,000 accounts receivable, the $5,747 bank balance and other corporate assets to the husband as his personal property, therefore, was not a valid order and even as offset by the $34,000 contingent liability with the Teamsters Pension Fund [an equally invalid order] distorts the equilibrium of the division of the marital assets as to require redetermination.

The husband contends also that the order to pay $70 per week for the support of the child given in custody to the wife was excessive and erroneous. He contends that the evidence does not support the award and that, otherwise, there was no proof of the cost or need of support. We do not reach that issue, since the resources of the parents, custodial and noncustodial, is a determinant of that adjudication [§ 452.340, RSMo 1978] and that antecedent factor has been remanded for redetermination on the evidence already before the court. *McNulty v. Heitman,* 600 S.W.2d 168, 174 [19] (Mo.App.1980); *L.A.J. v. C.T.J.,* 577 S.W.2d 151, 153[1, 2] (Mo.App.1979).

The judgment is reversed and the cause remanded for redetermination, without further evidence, of the division of the marital property and the award of child support.

All concur.