

STATE of Missouri, Respondent,

v.

Charles B. BRUCE, Appellant.

No. WD 34612.

Missouri Court of Appeals,
Western District.

Jan. 31, 1984.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

### ORDER

v.

J.D. WILLIAMS, Appellant.

No. 45228.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 31, 1984.

### ORDER

S.E.M., Appellant,

v.

D.M.M., Respondent.

No. 45305.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 31, 1984.

Shaw, Howlett & Schwartz, Clayton, for appellant.

William Brown, Clayton, for respondent.

SIMON, Presiding Judge.

Husband appeals from a dissolution of marriage decree which included an order for him to pay $30 per week child support. Husband contends the trial court erred in: (1) proceeding with the trial without joining as a party, pursuant to Rules 52.05 and 52.06, the alleged biological father of the child, a person needed for a just adjudication, and (2) ordering husband to pay child support in that the evidence was conclusive that husband was not the biological father of the child conceived and born during the course of the marriage and the order was erroneous as a matter of law. We reverse.

We view the evidence in a light most favorable to wife. *See also,* Rule 73.01(c) and *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). The parties were married on November 12, 1976 and first separated in January of 1978. In June of 1978, wife informed husband she thought she was pregnant and they got back together. Subsequently, she had tests confirming the pregnancy. An argument ensued and wife went to her mother's house. Husband

called her, again asking her to return. He stated things could be worked out; "he would take care of [the baby] and be the father."

Wife moved back in with husband and he cared for her through the term of the pregnancy. When the baby was due, husband drove wife to the hospital. He provided information to register wife there, signed papers so the cost of delivery could be paid by his insurance, and acknowledged he was the baby's father. The baby was born March 28, 1979.

Following the baby's birth, husband again told wife he would support and love the baby as his own. Thereafter, until the couple's final separation in January of 1980, husband did in fact support wife and child. He claimed the child as a dependent for income tax purposes and provided medical treatment through his union insurance on 25 to 30 occasions. Husband represented the child to others as his little girl and never denied paternity in wife's presence. After the eighteen month reconciliation attempt ended, husband provided no support for either wife or child.

Husband and wife stipulated to the results of blood tests excluding husband's paternity of the child. Further evidence indicated husband was incapable of fathering the child on account of a successful vasectomy performed prior to the marriage. Moreover, wife admitted becoming pregnant by another man.

 We shall only address the second point of error since its resolution is dispositive. Generally, a husband is not bound to support illegitimate children born to his wife before or during the marriage. See Annot. "Liability of mother's husband, not the father of her illegitimate child, for its support," 90 ALR2d 583. By entering into or remaining in the marriage a husband assumes the relationship of stepparent to the child and obligates himself to support the stepchild during the course of the marriage. In any event, the obligation to support the stepchild is not a continuing one but may be abandoned at any time and ordinarily ceases upon divorce. However, the husband may become liable for continued support under certain exceptions. *L... v. L...,* 497 S.W.2d 840, 841–42 (Mo. App.1973). *See also, Clevenger v. Clevenger,* 189 Cal.App.2d 658, 11 Cal.Rptr. 707 (1961), 90 ALR2d 583.

 One exception is an express contractual assumption by the husband of a continuing obligation to support the illegitimate child. *In L... v. L...,* supra, at 842, husband gave express assurances before and after the marriage he would "recognize the child and treat it as his own" in return for wife's agreement to marry him. In the present case, the record before us fails to reveal a similar agreement. Uncontroverted evidence indicates husband made his promise voluntarily in an attempt to attain a reconciliation with wife, but not in exchange for a promise to reconcile. Lacking an exchange of promises, the award of child support cannot be predicated on an express bilateral contract between husband and wife. Nor does the record support finding a unilateral contractual obligation. Reconciliation by wife is not conduct constituting legal detriment and, therefore, is not sufficient consideration in exchange for husband's promise to create a unilateral contract. The wife was already under a contract of marriage and reconciliation imposed no additional duty and, therefore, was not sufficient consideration for the husband's promise. *See,* Rest. of Contracts 2d, § 73 and its Illustration 3.

 A second area of exception to the general rule is premised on theories of estoppel. In *Clevenger,* supra, at 714–15, one estoppel exception concerns assertions made by the husband to the child and requires that the husband represent himself to the child as his natural father with an intent that the representation be accepted and acted upon by the child and the child relies on the representation to his detriment. Since husband and wife separated for the last time approximately eight months after the child's birth, the record fails to establish the requirements of an estoppel. Further, wife's reconciliation induced by husband's

promise, is not an action of a *definite* and *substantial* character. It is insufficient to trigger the detrimental reliance, or promissory estoppel doctrine. *See, Clevenger,* supra, at 578, citing Rest. of Contracts 2d, § 90.

Since husband has not been shown to come within an exception to the general rule, the award of child support was an erroneous application of the law. *Murphy v. Carron,* supra.

Judgment reversed.

STEPHAN and KAROHL, JJ., concur.