Rhonda Lynn LEVESQUE, Respondent,

v.

William J. LEVESQUE, Appellant.

No. 55019.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 27, 1989.

Prudence Fink Johnson, Union, for appellant.

Joseph Howlett, Clayton, for respondent.

GARY M. GAERTNER, Judge.

Husband appeals from a decree of dissolution challenging the trial court's order of child support, maintenance, attorney's fees and property judgment as beyond his means to pay. Husband further argues that the trial court erred in ordering husband to provide wife with a demonstrator automobile and to maintain health insurance on his former stepchildren. Husband also contests the custody award.

Bill Levesque (husband) and Rhonda Levesque (wife) were married on February 26, 1983, in Hermann, Missouri. One child, Amanda Doreen Levesque, was born of the marriage and was four years old at the time of the dissolution hearing. Wife has two children from a previous marriage who resided in the marital home but were not adopted by husband.

Husband is a Canadian citizen and has been a car salesman since moving to this country in 1969. He owns a 49% interest in Hermann Motors, Inc. which operates a Chrysler dealership in Troy, Missouri. Husband presented evidence which showed that the shareholders' equity in Hermann Motors, Inc. d/b/a Lincoln County Chrysler was negative $20,225. Husband and his "partner" purchased the dealership in 1985 for $120,000. Each provided $20,000 towards the purchase price and the remaining $80,000 was furnished by a note. The note was paid down $27,000 during the first three years of the dealership's operation. Lincoln County Chrysler's sales exceeded $2,000,000 in 1987. Husband's net income at the time of trial was $21,300. Husband earned an additional $5,000 from the sale of three automobiles "on the side" but such sales were not shown to be a regular source of income for husband. Wife is a high school graduate who has not worked outside the home since shortly after the parties' marriage. At the time of filing her petition she was unemployed and

started attending East Central College to prepare to study nursing. Wife received $16,000 in back child support from her former husband, but was unable to collect current child support during the parties' marriage.

The court awarded wife the $4,000 in equity in the marital home; awarded wife the $16,000 in back support which wife had turned over to husband who invested the money in his corporation, payable with an initial $1,000 payment and thirty $500 monthly payments; ordered $90.00 per week in child support and $135.00 per week non-modifiable maintenance for three and one-half years. The court awarded primary custody of Amanda to wife and allowed husband forty-two days visitation. The court ordered husband to pay $3,000 for wife's attorney's fees. The court further ordered husband to provide wife with a demonstrator automobile until October 1, 1991, and maintain health insurance on wife and the children.

The first issue is whether the trial court erred in ordering appellant to provide respondent a demonstrator automobile. The trial court's decree ordered husband to provide wife with the use of a demonstrator automobile as he had been providing during the marriage. Husband had been providing wife with a demonstrator automobile from Lincoln County Chrysler. Thus the trial court's order directs husband to provide wife with the use of property of which husband does not have title. It is clear that the trial court was attempting to maintain the status quo. However, the effect of the decree purports to operate on the property of the corporation—an entity not a party to the litigation nor otherwise subject to the jurisdiction of the court. For, a shareholder does not have legal ownership of the corporation's property; rather, the title remains in the corporation. *See Penn v. Penn*, 655 S.W.2d 631, 632 (Mo.App., W.D.1983).

Husband argues that the trial court's order is an impermissible allocation of the property of Lincoln County Chrysler. Wife characterizes the award of the use of an automobile as a type of maintenance. The court did not grant wife title to a car, thus it was not a property award. Nor do we believe that the use of an automobile is the proper subject of maintenance. *See State ex rel. George v. Mitchell*, 230 S.W.2d 116, 121 (Mo.App., S.D.1950). We conclude that the trial court's order constituted an impermissible appropriation of the use of Lincoln County Chrysler's property. The court was without jurisdiction over Lincoln County Chrysler or its property. *Penn*, 655 S.W.2d at 632. Therefore, that section of the decree regarding the demonstrator automobile is reversed.

Husband next argues that the trial court erred in ordering him to maintain health insurance on "the children." The trial court correctly ordered husband to maintain insurance on wife and Amanda, the child of the marriage. However, the court incorrectly ordered husband to provide insurance because wife's two sons were never adopted by husband. For, the obligation to support a stepchild ordinarily ceases upon divorce. *S.E.M. v. D.M.M.*, 664 S.W.2d 665, 667 (Mo.App., E.D.1984). *See also Stricklin v. Richters*, 256 S.W.2d 53, 57 (Mo.App., S.D.1953). Certain exceptions exist, however none appear to be present in this case. Therefore, the trial court's order directing husband to maintain health insurance on his former stepsons, a form of child support, was an erroneous application of law. The trial court's order as to husband's obligation to maintain health insurance on the children is reversed; we modify the order to direct husband to provide health insurance only for wife and the child of the marriage.

In his next point on appeal husband argues that the trial court's order of property settlement, maintenance, child support and attorney's fees is beyond his means to pay and against the weight of the evidence. The evidence revealed that husband received a net annual salary of $21,300 from Lincoln County Chrysler and an additional income from "side deals" of up to $5,000. Husband also had the use of the dealership's demonstrator automobiles. Husband was awarded his stock in Hermann Motors, Inc. d/b/a Lincoln County Chrysler, an on-

going business and income producing asset. Wife had virtually no assets and her ability to earn at the time of trial was shown to be minimal. We believe the trial court's award of child support and maintenance, totalling $225.00 per week, were supported by the evidence in light of the child's and wife's reasonable needs, husband's ability to pay and the division of property which awarded husband a significant income producing asset. *Siegenthaler v. Siegenthaler*, 761 S.W.2d 262, 265 (Mo.App., E.D. 1988). We find no abuse of discretion in these awards.

Husband also challenges the court's property award of $16,000 to wife, payable over a two and one half year period. Wife received $16,000 during the marriage in back child support from her former husband. Wife turned the money over to husband who used the money to purchase the Chrysler dealership. The trial court characterized the $16,000 as wife's separate property.

■ Marital property generally includes all property acquired by either spouse subsequent to the marriage. RSMo § 452.330.2 (1986). There are several exceptions, however, the record is unclear as to whether an exception applies to the $16,000 received by wife during the marriage. For the wife's right to receive the $16,000 may have occurred prior to the marriage. *See Elliott v. Elliott*, 621 S.W.2d 305, 308 (Mo.App., S.D.1981). If the $16,000 were separate property when received by wife, it became marital property when it was turned over to husband and commingled with his property.

■ However, whether the $16,000 award was separate or marital property, the trial court could have awarded wife $16,000 as marital property using the source of funds rule. *See Hoffmann v. Hoffmann*, 676 S.W.2d 817 (Mo. banc 1984). Wife testified that husband used the $16,000 to purchase the Chrysler dealership in Troy, Missouri from Gould–

Creemons Chrysler. Thus, when husband invested the $16,000 in Hermann Motors, Inc. in order to purchase the Chrysler dealership, that part of his interest in Hermann Motors, Inc. became marital property; *i.e.*, when marital property is commingled with separate property the separate property is transmuted into marital property. *Cartwright v. Cartwright*, 707 S.W.2d 469, 473 (Mo.App., E.D.1986).[1] Further, a cash award in lieu of property is within the trial court's discretion. *Mika v. Mika*, 728 S.W.2d 280, 284 (Mo.App., E.D.1987). It was also within the court's discretion to order installment payments in place of a lump sum judgment. *Ploch v. Ploch*, 635 S.W.2d 70, 73 (Mo.App., E.D.1982). We conclude that it was within the trial court's sound discretion to award wife $16,000 in cash notwithstanding the court's characterization as separate property. The property award is affirmed as modified.

■ Husband also contests the award of attorney's fees. The trial court ordered husband to pay $3,000 for wife's attorney's fees. The trial court has wide discretion in awarding attorney's fees. *Siegenthaler*, 761 S.W.2d at 266. The trial court must consider all relevant factors including the financial resources of the parties. RSMo § 452.355 (1986). Clearly husband was in the better position to bear the costs of this litigation. We find no abuse of discretion.

■ In his final argument, husband asserts that the trial court erred in failing to award joint custody. The trial court has broad discretion in ruling on custody matters. *Cartwright*, 707 S.W.2d at 474. Further, we note that the new Missouri custody statute, which directs a trial court to consider joint custody, was not in effect at the time of this action. RSMo § 452.375 (Supp.1988). The court did not abuse its discretion in failing to award joint custody.

■ Husband also argues that the court's award of forty-two days visitation per year was an abuse of discretion in light

---

1. We note that RSMo § 452.330.4 (Supp.1988) may have overruled *Cartwright* as to the effect of comingling separate and marital property. However, the new statute became effective August 13, 1988; the divorce decree was dated June 8, 1988, prior to the effective date of the statute. Thus, RSMo § 452.330.4 (Supp.1988) does not affect our determination in this case.

of the arrangement the parties had worked out themselves prior to the dissolution proceeding; seventy-eight days per year. We conclude, however, that husband has failed to show the trial court's decision was not in the child's best interests or an abuse of discretion. *Cartwright,* 707 S.W.2d 474–75. Point denied.

Affirmed in part, modified in part, and reversed in part.

GRIMM, P.J., and KAROHL, J., concur.