Monroe W. JEFFRIES, Jr., Appellant,

v.

Nancy K. JEFFRIES, Respondent.

No. 61387.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 10, 1992.

Darryl L. Hicks, Darryl L. Hicks, P.C., Warrenton, for appellant.

Timothy M. Joyce, Warrenton, for respondent.

REINHARD, Judge.

Husband appeals the denial of his motion, filed under Rule 74.06(b), by which he sought relief from a decree of dissolution which required him to pay child support. We affirm.

Husband and Wife were married on December 3, 1981. Husband filed a petition for dissolution on July 31, 1989. The petition alleged, in pertinent part:

3. That [Husband] and [Wife] were married on the third (3rd) day of December, 1981, in the City of Warrenton, County of Warren, State of Missouri, and said marriage is registered at the City of Warrenton, County of Warren, State of Missouri.

\* \* \* \* \* \*

5. That there were two (2) children born during the pendency of this marriage, to-wit: Travis Jeffries, born the ninth (9th) day of July, 1979, and April Jeffries, born the fifteenth day of April, 1983; and [Wife] is not now pregnant.

Husband and Wife subsequently entered into and signed a property settlement and separation agreement, dated January 30, 1990. The provisions of this agreement were later incorporated by reference into the dissolution decree. The agreement stated that "the parties have two (2) children born of their marriage," and further recited the dates of the marriage and the children's births as stated in the petition. The agreement also contained stipulations that Husband would retain reasonable visitation rights, pay child support in the amount of seventy dollars per week per child, and claim Travis as a dependent for income tax purposes.

The court granted the dissolution on February 15, 1990. The court's decree stated, in pertinent part:

4. That [Husband] and [Wife] were married on the third (3rd) day of December, 1981, in the City of Warrenton, County of Warren, State of Missouri, and said marriage is registered at the City of Warrenton, County of Warren, State of Missouri;

\* \* \* \* \* \*

6. That there were two (2) children born of this marriage, to-wit: Travis Jeffries, born the ninth (9th) day of July, 1979; and April Jeffries, born the fifteenth (15th) day of April, 1983; and Wife is not now pregnant.

On February 4, 1991, Husband filed a timely Rule 74.06 motion seeking relief from the portions of the decree pertaining to Travis. Husband alleged:

3. That [Husband] is not the biological father of Travis Jeffries, never adopted said Travis Jeffries, and said Travis Jeffries was not born of the marriage as appears on the face of the Petition filed herein and as appears on the face of said Decree of Dissolution entered by the Court.

4. That at the time of the Dissolution proceeding in this cause, the [Husband] and [Wife] made mistaken and inadvertent representations or misrepresentations to the Court which were relied on by the Court in granting the Decree of Dissolution herein; however, said representations or misrepresentations were apparent to the Court in that it was obvious that a child born on July 9, 1979 could not have been born of the marriage occurring on December 3, 1981.

5. That the above reasons constitute mistake, inadvertence, excusable neglect, fraud or misrepresentations [sic]; the Judgment rendered, or the part thereof regarding the number of children born of the marriage, custody, and child support of said Travis Jeffries, is irregular and/or it is no longer equitable that the

Judgment, or said part thereof, remain in force.

An evidentiary hearing was held on November 20, 1991. The parties stipulated that the dates of Travis's birth and the marriage were correctly stated in the dissolution petition, separation agreement, and decree. Both parties also agreed that Husband was not Travis's biological father. However, Husband testified that he had signed documents with the Division of Vital Statistics to list himself as father on the child's birth certificate.

Husband further testified that he was current with his child support payments but now sought to terminate payments solely because he was in financial distress. Husband also indicated that he thought Travis would never learn that the child support payments had been terminated and that he expected his relationship with the boy to remain intact.

The court denied Husband's motion, holding:

3. [I]t is the Court's belief and it is the finding of the Court that the application of the Doctrine of Judicial Estoppel would be appropriate under the circumstances of this case. Judicial estoppel does not require reliance or prejudice before the party may invoke it and protects the integrity of the judicial process from knowing misrepresentation or fraud on the Court. (Citation omitted).

4. The Court finds that the representation by the [Husband] to the Court in the dissolution action that Travis Jeffries was a child of the marriage was known by [Husband] to be untrue at the time said representation was made. [Husband] seeks to set aside the order of support which he voluntarily assumed simply because he now finds the obligation burdensome. There is no credible evidence before the Court that the pleadings and testimony of the [Husband] at the dissolution hearing were the result of inadvertence, excusable neglect, or misunderstanding. Although Rule 74.06 now includes both intrinsic and extrinsic fraud as grounds for setting aside a decree, clearly the fraud must be of the party against whom relief is sought. The intrinsic fraud in this dissolution action was the [Husband]'s own. [Wife] did not appear or testify. It would be unconscionable to permit a party to set aside a judgment because of his own fraud.

[Husband] claims that the Decree of Dissolution is no longer equitable and for this reason should be set aside under Rule 74.06. [Husband] testified upon the hearing of his motion that he wishes to continue to act as father of the minor child. He caused the child's birth certificate to be amended to reflect that the child was born of the marriage. He asserts that he will not tell the child that he is not his father. The Court finds no inequity in the continued enforcement of the support obligation imposed by the dissolution decree.

Husband raises two points on appeal. In his principal point, Husband contends that the court abused its discretion in denying his Rule 74.06 motion because it was conclusively shown that he is not the biological father of Travis. Husband has cited no cases to support this point.

■ The trial court is vested with broad discretion when acting on a Rule 74.06 motion. An appellate court should not interfere with the trial court's ruling unless the record convincingly indicates an abuse of discretion. *Burris v. Terminal R.R. Ass'n*, 835 S.W.2d 535, 537–38 (Mo.App. 1992).

■ Husband admits he knew he was not the biological father at the time the petition was filed and the separation agreement was signed. He testified at the evidentiary hearing that he had not read all of the documents presented to him by his attorney. However, he also testified that he signed and filed the petition personally, signed the separation agreement, and "assumed" he answered "yes" at the dissolution hearing when the judge asked him whether there were "two children born of the marriage?"

The trial court held that Husband was judicially estopped from now asserting that

the child was not born "of the marriage." In *In re Marriage of Emerson*, 115 Ill. App.3d 712, 71 Ill.Dec. 299, 450 N.E.2d 987 (1983), the Appellate Court of Illinois was confronted with a nearly identical fact situation. In upholding denial of plaintiff husband's motion to terminate child support, the court stated:

> It is apparent that plaintiff was aware of all the circumstances surrounding the possible paternity of the child, nonetheless, he married defendant and permitted his name, as father, to be placed on the birth certificate. Plaintiff alleged in his petition for dissolution that [child] was born of the marriage, testified accordingly at the hearing and acquiesced to the dissolution judgment which established his paternity. Plaintiff thereafter complied with the child support requirements of the judgment until, more than two years after its entry, he sought to vacate it, in part, solely because defendant had unequivocally stated a fact of which he had been "reasonably sure" since his marriage to her in 1971. Under these circumstances we consider plaintiff estopped to deny paternity of the child as found in the judgment and that determination is *res judicata* for purposes of his post decree petition.

*Emerson*, 71 Ill.Dec. at 301–02, 450 N.E.2d at 989–90 (citations omitted). Although the Illinois court relied on the principles of equitable estoppel,[1] we find that similar reasoning supports the trial court's invocation of the related concept of judicial estoppel in this case. The doctrine of judicial estoppel has been established in Missouri, and is "designed to preserve the dignity of the courts and insure order in judicial proceedings." *Edwards v. Durham*, 346 S.W.2d 90, 101 (Mo.1961); *see also Bellinger v. Boatmen's Nat. Bank*, 779 S.W.2d 647, 651 (Mo.App.1989); *Lillo v. Thee*, 676 S.W.2d 77, 81 (Mo.App.1984).

■ Husband argues that the trial court's denial of his motion was an abuse of discretion. Rule 74.06(b) permits but does not require the court to grant relief

for mistake, inadvertence, or excusable neglect. It was well within the trial court's discretion to find that Husband's actions did not fall within the ambit of the rule and deny the motion. *See Burris*, 835 S.W.2d at 539.

Husband also contends that the judgment is irregular. This judgment does not fall within the parameters of irregularity delineated by Missouri case law. *Burris*, 835 S.W.2d at 538; *see also* Laughrey, *Default Judgments in Missouri*, 50 MO. L.REV. 841, 849–51 (1985).

■ Husband further asserts that relief should be granted on grounds of fraud or misrepresentation. However, as the trial court noted, "the ... fraud in this dissolution action was [Husband's] own."

A proceeding to set a judgment aside on the ground of fraud:

> "cannot be used to obtain a further hearing upon matters, which were or could have been brought before the court to make a case or defense, either because the parties found further evidence bearing upon the truth or falsity of the testimony there, or because the parties neglected to litigate such matters in the original case. 'Courts of equity do not grant such relief for the purpose of giving the defeated party a second opportunity to be heard on the merits of the case.' "

*Winchell v. Gaskill*, 354 Mo. 593, 190 S.W.2d 266, 272 (1945) (quoting *Hockenberry v. Cooper County State Bank*, 338 Mo. 31, 88 S.W.2d 1031, 1036 (1935) (quoting *Rogers v. Dent*, 292 Mo. 576, 239 S.W. 1074, 1076 (1922))). The trial court's denial of Husband's motion was not an abuse of discretion. Husband's point is denied.

■ Husband's final point on appeal is that the court did not have jurisdiction over Travis necessary to allow it to issue findings of paternity and award custody and child support. Husband argues that the dissolution petition presented facts to the trial court which made it inconsistent on its

---

1. We note that the use of equitable estoppel in such cases is not without precedent in Missouri. *See S.E.M. v. D.M.M.*, 664 S.W.2d 665 (Mo.App. 1984); *L ... v. L ...*, 497 S.W.2d 840 (Mo.App. 1973).

face, rendering the court unable to exercise jurisdiction over Travis, a child not "of the marriage." However, it is well settled that a child born before a marriage may become considered a child "of the marriage" under Missouri case and statutory law. *State ex rel. Lackey v. Hoester,* 599 S.W.2d 272, 273 (Mo.App.1980); § 474.070. The petition's allegations were not inconsistent on their face or "an impossibility", as Husband argues. The dissolution court properly exercised jurisdiction over the child. Husband's point is denied.

Judgment affirmed.

AHRENS, P.J., and CRIST, J., concur.