INEZ BERKSON, Plaintiff-Appellee, *v.* QUALITY BEAUTY SUPPLY CO., INC., Defendant-Appellant.

First District (2nd Division) No. 61886

Opinion filed March 9, 1976.

Block, Levy & Becker, of Chicago (Alvin R. Becker, of counsel), for appellant.

Benson T. Maple, of Streamwood, for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Defendant appeals the denial of a section 72 (Ill. Rev. Stat. 1973, ch. 110, par. 72) petition to vacate a default judgment in the amount of $14,500.

Inez Berkson (hereinafter plaintiff) suffered a personal injury to her nose, on May 17, 1972, while using a hair dryer which she purchased from Quality Beauty Supply Co. Inc. (hereinafter defendant). On May 30, 1972 plaintiff served an attorney's lien upon defendant and De Graff Products, Inc. (hereinafter De Graff), the manufacturer of the hair dryer.

De Graff's insurer, Insurance Company of North America, thereafter undertook an investigation of the claim and on or about February 17, 1973, entered into a settlement with plaintiff for $1,100. Plaintiff and her husband executed and delivered to the insurer a general release for her claim. The release stated plaintiff and her husband "* * * do severally and jointly * * * remise, release, and forever discharge De Graff Co. & De Graff Products et al its successors and assigns * * * from any and every claim, demand, right, or cause of action, of whatsoever kind or nature, either in law or in equity, arising from or by reason of any bodily and/or personal injuries known or unknown sustained by us * * * as the result of a certain accident which happened on or about the 17th day of May 1972, for which we have claimed the said De Graff Co. & De Graff Products et al to be legally liable, which liability is expressly denied."

Nothing further transpired between plaintiff and defendant until May 16, 1974, when plaintiff filed in the circuit court of Cook County a complaint against defendant praying for damages in the amount of $14,500 for personal injuries suffered to her nose when a hair dryer which she purchased from defendant on June 2, 1973,[1] malfunctioned. Defendant was personally served with a summons stating if defendant did not appear on June 18, 1974, a default might be taken against defendant for the relief asked in the complaint.

Upon defendant's failure to appear, a default judgment in the amount of $14,500 was entered against it on July 25, 1974. The order granting the default judgment also allowed plaintiff to amend her complaint changing the date of the occurrence from June 2, 1973, to May 17, 1972. Defendant was given no notice of this amendment or of the fact that a hearing would be held on July 25, 1974.

On January 30, 1975 defendant filed a petition to vacate the default judgment pursuant to section 72 of the Civil Practice Act. Defendant alleged the defense of release, admitting being served with summons May 16, 1974, but alleged the summons was forwarded to De Graff's insurer who informed defendant of the settlement of February 1973, and advised defendant it would undertake the defense and plead the release of February 1973. The petition further alleged that on August 1, 1974, plaintiff's counsel advised defendant of the July 1974 default judgment, and defendant immediately contacted De Graff and De Graff's insurer who advised defendant the default would be vacated forthwith. Defendant alleged it was not until January 6, 1975, that De Graff's insurer advised it to obtain its own counsel to vacate the default judgment. On the basis of the verified petition and the attached documents regarding the release, defendant asked the court to vacate the default judgment.

Plaintiff answered defendant's section 72 petition alleging that the release of February 1973 was not binding and defendant was not diligent in presenting this defense to the court. Plaintiff denies defendant gave De Graff's insurance company timely notice of the suit filed May 16, 1974, or of the default judgment entered July 25, 1974. Plaintiff attached a letter dated December 31, 1974, from De Graff's insurer to defendant informing defendant that it should secure its own counsel to vacate the default judgment. The letter explained De Graff could not be responsible for defending the suit because "* * * our first notice of same (suit and or judgment) was December 30, 1974 and this notification was after the default had been secured." Plaintiff also attached a copy

---

[1] June 2, 1973, was in error. The date was subsequently changed to May 17, 1972.

of a certified letter and the return receipt which notified defendant of the July 25, 1974, default judgment and amendment to plaintiff's complaint. The receipt was dated August 2, 1974.

The trial court denied the section 72 petition but stayed the execution of the judgment until the termination of any appeal.

The issues raised by the defendant on this appeal are: (1) did the trial court abuse its discretion in denying defendant's petition to vacate; and (2) was the default judgment void for failure to give defendant notice of the amendment which changed the date of the occurrence giving rise to the cause of action.

## I.

A petition to vacate a default judgment pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72), should contain allegations of fact which show a meritorious defense and due diligence in attempting to present that defense to the trial court. (*Aetna Casualty & Surety Co. v. Sanders* (1st Dist. 1973), 15 Ill. App. 3d 573, 576, 305 N.E.2d 25.) A section 72 petition is addressed to the equitable powers of the court and invokes those powers as justice and fairness require, to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances. (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 613, 190 N.E.2d 348.) The trial court exercises a great deal of discretion in deciding section 72 petitions and will not be reversed absent a showing of an abuse of discretion. *George F. Mueller & Sons, Inc. v. Ostrowski* (1st Dist. 1974), 19 Ill. App. 3d 973, 977, 313 N.E.2d 684.

## A.

In the case at bar defendant presented evidence in its verified petition alleging the release of February 17, 1973, as a meritorious defense to the complaint filed May 16, 1974. The release arose from the same set of circumstances as those alleged in the May 16, 1974 cause of action.

In answer to defendant's petition, plaintiff alleged the release was not binding for two reasons: (1) defendant was not a party to the release and cannot plead the release of the manufacturer as a bar to its liability; and (2) the release was not binding because at the time it was entered plaintiff was mistaken as to the amount of damage she suffered and the amount of medical attention which would be needed to correct the injury.

Illinois law is clear that the release of one tortfeasor releases all joint tortfeasors. (See 31 Ill. L. & Pr. Releases §25 (1957).) Therefore the release would be a binding release in favor of defendant as

well as De Graff. Also, a mistake as to the extent of one's injuries has been held insufficient to void a prior release. (See *Welsh v. Centa* (1st Dist. 1966), 75 Ill. App. 2d 305, 312, 221 N.E.2d 106.) Therefore, plaintiff's error in estimating her medical costs may not have been sufficient to void the release.

It has been shown by clear and convincing evidence defendant had a meritorious defense which could have been considered by the trial court if it had been timely presented.

### B.

Defendant bears the further burden of proving by clear and convincing evidence it exercised due diligence in presenting its defense. On its behalf defendant has alleged it forwarded notice of the summons to De Graff's insurer and was informed by that insurer it would take over the defense of the case and present the February 1973 release as a bar to the present action. After receiving notice from plaintiff that a default judgment had been entered against defendant, defendant allegedly called both De Graff and its insurer and was assured De Graff would have the judgment vacated. Defendant alleged it was not until January 6, 1975, that De Graff's insurer informed defendant it should secure its own counsel to have the default judgment vacated. Defendant submitted its verified petition, a copy of the original attorney's lien served on defendant, a copy of the check paid to plaintiff in settlement of her claim for injuries to her nose, and the release signed by plaintiff removing all liability from "De Graff et al." No affidavits from De Graff or its insurer were submitted to prove defendant's allegations.

Plaintiff contends the trial court did not abuse its discretion in denying the section 72 petition since defendant was not diligent in presenting its defense. Plaintiff alleged defendant did not notify De Graff or its insurer of the claim filed by plaintiff until December 30, 1974. In support of her allegation plaintiff submitted to the trial court a copy of a letter from De Graff's insurer to defendant instructing defendant to secure its own counsel to have the default judgment vacated. The letter stated:

> "Per our telephone conversation of December 31, 1974, Benson Maple, has secured a $14,500.00 default judgment against you.
>
> \* \* \*
>
> We cannot respond for the suit and or the judgment as our first notice of same was *December 30, 1974 and* this notification was *after the default had been secured.*" (Emphasis added.)

Plaintiff also contended due diligence required defendant to inform its own insurer as well as De Graff's of the claim being made against it. Plaintiff attached a copy of the certified letter sent to defendant inform-

ing it of the default judgment entered on July 25, 1974, and included a copy of the order entered. The receipt of the certified letter was dated August 2, 1974.

In light of the evidence before the trial court on the petition to vacate, it cannot be said the trial court abused its discretion in determining defendant did not exercise due diligence in presenting its defense. Defendant had notice of plaintiff's injury within a short tme after the injury occurred in May of 1972. Defendant was personally served with a summons. Defendant was notified by certified mail of the default judgment within two weeks after that judgment was entered. While defendant contends it notified De Graff's insurer of plaintiff's claim and De Graff's insurer agreed to handle the case, defendant admittedly knew De Graff had failed to appear and a default had been entered. Yet defendant again relied on De Graff's alleged statement it would have the default vacated. Defendant did not check to see whether this was done nor did it notify its own insurer of the pending matter. Furthermore defendant offered no evidence, other than its verified petition, to support its alleged agreement with De Graff's insurer that it would handle the matter.

To the contrary, plaintiff has attached to its answer to defendant's petition to vacate a letter from De Graff's insurer to defendant. This letter notified defendant to secure its own counsel to have the default vacated. De Graff's insurer refused to handle the matter because it had not been informed of the matter until several months after the default was entered.

■■ Defendant submitted no evidence to the trial court to refute plaintiff's answer. No evidence was presented to support defendant's allegations of due diligence in presenting its defense to the trial court. Thus defendant failed to sustain its burden of proving it was through no fault or negligence of its own that its defense was not presented. See *Brunswick v. Mandel* (1974), 59 Ill. 2d 502, 504, 322 N.E.2d 25.

As we stated in *George F. Mueller & Sons, Inc.* (1st Dist. 1974), 19 Ill. App. 3d 973, 979:

> "[W]hen determining the sufficiency of a section 72 petition, [a court] must apply equitable principles as justice and fairness require. [Citation.] Justice and good conscience may require that a judgment be vacated *even though there may have been a lack of due diligence*." (Emphasis added.)

Similar language was used in *Gary Acceptance Corporation v. Napilillo* (1st Dist. 1967), 86 Ill. App. 2d 257, 262, 230 N.E.2d 73, which reversed the denial of a section 72 petition:

> "When it is clear from all the circumstances that a party has

procured an unconscionable advantage through the extraordinary use of a court process, the court will excuse the defaulting party for what might otherwise be considered a lack of diligence. In such situations the ends of justice are best served by a contested hearing on the merits."

In *Gary* the defendants were served with summons only one month after they had obtained a discharge in bankruptcy; plaintiff knew of the bankruptcy discharge yet brought a detinue action against them. The defendants sought advice of counsel and were advised to ignore the summons. In *Gary* and *Mueller,* unlike the case at bar, defendants were not informed of the defaults until after 30 days had lapsed.

Defendant cites several cases in which courts reviewing section 72 petitions invoke equitable principles. However, all those cases differ from the case at bar in that the parties against whom the defaults were entered were given no notice of the default until more than 30 days after judgment. (See *Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 613, 190 N.E.2d 348; *Spencer v. American United Cab Association* (1st Dist. 1965), 59 Ill. App. 2d 165, 172, 208 N.E.2d 118; *Dann v. Gumbiner* (1st Dist. 1961), 29 Ill. App. 2d 374, 382, 173 N.E.2d 525.) Defendant also cites cases in which this court affirmed the use of equitable principles in vacating default judgments. However, in those cases the appellate court merely found the trial court did not abuse its discretion in applying those principles to vacate the default judgments. *Business Assets Corp. v. Kors* (1st Dist. 1973), 11 Ill. App. 3d 52, 295 N.E.2d 535 (abstract opinion); *Boyle v. Veterans Hauling Line* (1st Dist. 1961), 29 Ill. App. 2d 235, 172 N.E.2d 512.

■■ In the case at bar plaintiff did not use the process to deceive defendant. Defendant was given timely notice of the commencement of the action and of the possibility that a default would be taken if it did not appear, as well as of the fact that a default was actually entered when defendant did fail to appear. We find no reason to invoke equitable principles under the circumstances of this case to waive the requirement that a defendant show due diligence in order to sustain a petition to vacate a default judgment. The trial court properly found that defendant had not sustained its burden of showing by clear and convincing evidence that it had exercised diligence in presenting its defense to the trial court, and the trial court did not abuse its discretion in denying defendant's petition to vacate.

## II.

Secondly, defendant contends the default judgment was void because the complaint had been amended without notice to defendant. Supreme

Court Rule 105 (Ill. Rev. Stat. 1973, ch. 110A, par. 105) provides for notice to a party not covered by Supreme Court Rule 104 (Ill. Rev. Stat. 1973, ch. 110A, par. 104) whenever new or additional relief is sought. Under Rule 104 notice of any subsequent motion or paper must be given to "* * * all parties who have appeared and have not theretofore been found by the court to be in default for failure to plead."

■■ Defendant in the case at bar was in default for failure to plead. The amendment in this case does not seek additional relief, but merely changes the date of the occurrence from June 2, 1973, to May 17, 1972. In our opinion defendant understood—or should have understood—the facts pleaded in the complaint to be those of the May 17, 1972, incident. In its petition to vacate, defendant alleges De Graff's insurer informed defendant the claim involved the same incident giving rise to the February 17, 1973 release. Under these circumstances we find defendant's contention to be without merit.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

STAMOS, P. J., and HAYES, J., concur.