MARCIA SCHIFFMAN, Plaintiff-Appellee, *v.* KENNETH A. BOWMAN *et al.*,
Defendants-Appellants.

First District (2nd Division)    No. 79-1305

Opinion filed September 16, 1980.

Pretzel, Stouffer, Nolan & Rooney, of Chicago (Robert Marc Chemers and Joseph B. Lederleitner, of counsel), for appellants.

Gordon, Schaefer & Gordon, Ltd., of Chicago (Robert E. Gordon and Gilbert W. Gordon, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

This personal injury suit was filed by plaintiff Marcia Schiffman (Schiffman) against defendants Kenneth A. Bowman (Bowman), Walter M. Reed (Reed), and Stephen P. Range (Range). Sheriff's return of service indicated that Range was dead. Schiffman then procured a court order granting leave to replace Range with Robert Hirsch (Hirsch) as administrator of the estate of Range.[1] After service upon him, Hirsch made a special appearance to quash process. The motion to quash was granted. Twenty-one months thereafter, Schiffman filed a section 72 petition (Ill. Rev. Stat. 1979, ch. 110, par. 72), requesting that the quash order be vacated. Hirsch now appeals the trial court's grant of that section 72 relief to Schiffman.

The case as presented to this court by the parties contains the following issues for review: (1) whether this court presently has the authority to entertain review of any action of the trial court; (2) whether the trial court lacked jurisdiction over Hirsch on the section 72 proceeding, making its ruling thereupon void; (3) whether Schiffman exercised due diligence so as to be entitled to any relief whatsoever under section 72; and (4) whether the trial court's order quashing process upon Hirsch was properly entered.

The facts of this case are presented entirely in the pleadings. A somewhat detailed review of them is necessary due to the procedural complexities involved in the issues presented for review.

Schiffman filed a complaint in October 1976, alleging that some three months earlier a car in which she had been a passenger was involved in a collision with a car owned by Reed and driven by Range in which Bowman was a passenger. This collision is alleged to have resulted in severe physical injuries to Schiffman.

Bowman answered the complaint, Reed did not, and Range was discovered to have died prior to institution of the action against him. Schiffman then filed with the court an unsigned "notice of motion" addressed to no particular person, stating that she would appear before the trial court to move for leave to amend the complaint on its face by replacing Range with Hirsch, the alleged administrator of Range's estate. No written motion on the matter is found in the record. Thereafter, an order was entered by the trial court granting Schiffman leave to "replace"

---

[1] There is no indication in the record before this court as to whether an estate was in fact opened for Range or whether Hirsch has in fact been appointed administrator thereof. This court is unaware of exactly how Hirsch was named a party to this suit.

Range with Hirsch. Schiffman apparently read this order as allowing her to file an amended complaint naming Hirsch as a defendant instead of Range, which she did. Hirsch was then served with process.

Three months thereafter, Hirsch moved for and was granted leave to make a special appearance to contest the court's personal jurisdiction over him. A special appearance and motion to quash, unsupported by affidavit, was filed. The motion was granted.

Twenty-one months later, Schiffman filed a verified section 72 petition, unsupported by affidavit, alleging that from the time of its entry, she was unaware of the order quashing service on Hirsch. She claims to have allegedly relied upon representations said to have been made by Hirsch's attorneys that a general appearance would be entered by Hirsch. The petition asked that the order quashing process be vacated. Schiffman was later granted leave to file an amended section 72 petition, which was filed verified but again unsupported by affidavit. Interestingly, Hirsch's "answer" to the section 72 petitions, made by way of special appearance, was filed prior to the filing of either of Schiffman's petitions.

The trial court then entered an order vacating the order which quashed process upon Hirsch and entered Hirsch's appearance as a general appearance. From this order, Hirsch appeals, requesting this court to reverse the trial court's ruling upon Schiffman's section 72 petition and asking that the order quashing service upon him be reinstated with finality.

## I.

Schiffman argues that this court should dismiss this appeal for want of authority to undertake review of the trial court's action. She asks this court to find that the petition she filed with the trial court under the designation of a section 72 pleading is in fact merely a motion to vacate the order quashing process upon Hirsch. Schiffman contends that, as thus redesignated, her petition gave rise to an order which is not final, thereby depriving this court of authority to review it. This contention lacks merit.

■■ ■ A trial court order quashing service of process is a final order. (*Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569, 577, 50 N.E.2d 836.) Within 30 days of a final order or judgment, a party may file a motion with the trial court to set aside that order or judgment. (Ill. Rev. Stat. 1979, ch. 110, par. 50(5).) After the 30-day period has lapsed, a party may request relief from a final order or judgment only under section 72. (*Garcia v. Lozada* (1978), 58 Ill. App. 3d 875, 877, 374 N.E.2d 1078.) In this case, Schiffman did not seek review of the order quashing process upon Hirsch for 21 months. Clearly, the only manner in which she could seek relief from this final order at the trial level was by way of a section 72 petition. This court cannot therefore countenance the

facile argument Schiffman now proffers to redesignate her petition for the convenience of the present circumstances. The appellate court has authority under Supreme Court Rule 304 to entertain review of certain final judgments which do not dispose of an entire proceeding. Included therein are orders or judgments granting or denying relief sought under section 72. (Ill. Rev. Stat. 1979, ch. 110A, par. 304(b)(3).).Clearly then, this court has the authority to entertain the present appeal.

## II.

Hirsch contends that the trial court erred in entertaining the section 72 petition in the first instance since, he argues, it lacked any personal jurisdiction over him. Therefore, Hirsch states, the order granting relief to Schiffman is void. It is clear that a party seeking relief under section 72 must give notice to opposing parties according to Supreme Court Rules. (Ill. Rev. Stat. 1979, ch. 110, par. 72(2).) Under Rule 106, notice is to be provided by way of the methods set forth in Rule 105. (Ill. Rev. Stat. 1979, ch. 110A, pars. 105, 106.) Failure to give notice using one of these methods deprives the court of jurisdiction over the petition. (*Andonoplas v. Jaremko* (1972), 9 Ill. App. 3d 298, 300, 292 N.E.2d 225.) However, when an opposing party appears and argues the merits of a section 72 petition despite failure of receipt of proper notice, he will be deemed to have waived the jurisdictional defect and his appearance will be treated as a general appearance as to the section 72 proceeding. *Fleming v. Walls* (1978), 65 Ill. App. 3d 352, 355, 382 N.E.2d 571.

In this case, Hirsch filed a pleading entitled an "answer" to Schiffman's section 72 petition. While the pleading stated that the "answer" was filed as a special appearance, its content argued the merits of Schiffman's request for relief as well as contested the validity of the notice given. In analyzing a pleading, this court will look to its content rather than its label. Therefore, Hirsch must be deemed to have made a general appearance and to have waived objection to the trial court's jurisdiction over him in regard to the section 72 proceeding.

## III.

Hirsch next argues that the trial court erred in granting section 72 relief to Schiffman, contending that she failed to exercise due diligence in presenting her objection to the quash order. It is recognized that a party has a duty to follow the progress of her case, and that relief under section 72 will be available only if the petitioner is able to demonstrate due diligence thereupon. (*Manny Cab Co. v. McNeil Teaming Co.* (1975), 28 Ill. App. 3d 1014, 1019, 329 N.E.2d 376.) The trial court's findings as to this and the other requirements for relief under section 72 will ordinarily be affirmed; it will not be reversed absent a showing of abuse of discretion.

*Berkson v. Quality Beauty Supply Co.* (1976), 36 Ill. App. 3d 877, 880, 344 N.E.2d 629, *appeal denied* (1976), 63 Ill. 2d 555.

■■ A review of the few facts available to this court from the record elicits no valid justification for Schiffman's 21-month delay in attacking the order quashing process upon Hirsch. Schiffman's claim that she relied upon the representations of Hirsch's attorney as to the type of appearance he would enter, and that she did not receive notice of the order quashing process, is unsupported by evidence and is contradicted by the argument of Hirsch. While the latter argument itself lacks firm evidentiary support, other than a letter allegedly sent to Schiffman concerning the quash order, the burden is upon Schiffman to affirmatively demonstrate due diligence. This court is unable to find adequate evidence presented by Schiffman to fairly demonstrate the exercise of due diligence on her part or to counter Hirsch's statements. Therefore, it was error for relief to have been granted by the trial court to Schiffman under section 72; the order quashing process on Hirsch should not have been vacated. It is therefore reversed.

## IV.

■■ Hirsch argues in his brief that the order quashing process entered by the trial court was valid. Schiffman responds to the contrary. We need not and indeed may not reach a decision on this issue at the present time. As noted above, an order quashing process upon a defendant is characterized as being final between that defendant and the plaintiff. (*Brauer Machine & Supply Co. v. Parkhill Truck Co.*) This was, however, a final order which did not dispose of the entire proceeding, since defendants Bowman and Reed remained in the action. Thus, appeal to this court from the order could have been made prior to final judgment as to all parties only upon an express written finding of the trial court that there was no just reason to delay appeal. (Ill. Rev. Stat. 1979, ch. 110A, par. 304(a); *Alster v. Chicago Tastee-Freez Corp.* (1965), 61 Ill. App. 2d 163, 208 N.E.2d 878.) No such finding was entered in this case, and it appears that Schiffman made no request of the trial court to enter such a finding. Therefore, this court may not presently entertain the issue of the propriety of the order quashing process.

For the foregoing reasons, the trial court's grant of relief to Schiffman on her section 72 petition is reversed. The case is remanded to the trial court with directions that the order quashing process upon Hirsch be reinstated.

Reversed and remanded with directions.

STAMOS and HARTMAN, JJ., concur.