ANTONIO PADILLA, Special Adm'r of the Estate of Maria Padilla, Deceased, Plaintiff-Appellant, v. ELADIO E. VAZQUEZ *et al.* (Juan A. Zabaleta *et al.*, Defendants).

First District (6th Division)   No. 1—90—1831

Opinion filed November 8, 1991.—Rehearing denied January 23, 1992.

Robert A. Clifford & Associates, of Chicago (Robert A. Clifford, Keith A. Hebeisen, and Robert P. Sheridan, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (R. Dennis Rasor, Hugh C. Griffin, Mary Ellen Busch, and Diane I. Jennings, of counsel), for appellees.

JUSTICE LaPORTA delivered the opinion of the court:

The subject of this appeal is an order entered by the circuit court of Cook County denying plaintiff's motion pursuant to section 2—1401 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401) which sought vacation of a final agreed order of dismissal which had been previously entered in favor of defendants-appellees. The trial judge's denial of the motion was based upon her finding that plaintiff failed to personally serve the defendants-appellees with a copy of the motion. Plaintiff appeals, asserting that defense counsel's appearance and objections to the motion constituted a waiver of the service requirement for a section 2—1401 petition.

Plaintiff instituted this action on June 27, 1986, against defendants, Eladio E. Vazquez, M.D. and Eladio E. Vazquez, M.D., Ltd., and other medical providers, alleging that the death of his wife on July 2, 1984, was the result of negligent medical care rendered from 1981 to November 1983. On August 11, 1986, defense counsel filed an appearance and motion to dismiss, challenging plaintiff's capacity to sue and the sufficiency of the complaint. No further activity concerning these defendants appears of record until January 16, 1987, when the trial court entered an agreed order which stated that the motion of defendants was granted; all causes of action against them were dismissed with prejudice; and plaintiff's causes of action against all remaining defendants continued.

On July 15, 1987, six months after the entry of the dismissal order, plaintiff filed a motion to vacate the dismissal order. In this motion, plaintiff asserted that the dismissal order of January 16, 1987, was predicated upon the defense counsel's representation that plaintiff's decedent had last been under the care of defendants on June 3, 1981, which would have been more than four years prior to the filing of plaintiff's complaint on June 27, 1986. The motion asserted further that subsequent to January 15, 1987, plaintiff's counsel acquired receipts issued by defendants showing that plaintiff's decedent had seen defendants for medical care as late as November 1982, within the four-year limitations period. The motion alleged that plaintiff's counsel immediately brought this information to the attention of defense

counsel. The motion also included a conclusory statement that plaintiff's attorneys had exercised due diligence in seeking to vacate the dismissal order and that the entry of the order was based upon a mutual mistake of fact.

The motion was not verified and was not supported by affidavits, but did include as exhibits copies of correspondence between plaintiff's attorney and defense counsel regarding the receipts and cancelled checks discovered after the dismissal and referred to in the motion.

Plaintiff's motion was scheduled for hearing on September 24, 1987, by a notice of motion sent to defense counsel. Notice was not given directly to defendants. The hearing on the motion did not take place on that date and was continued several times by agreement. On August 19, 1988, the court set a briefing schedule and set the matter for a status hearing on November 10, 1988.

On September 26, 1988, defendants filed a memorandum in opposition to plaintiff's motion, arguing that the trial court lacked subject matter jurisdiction over the motion. In support of this argument, defendants' motion asserted that the motion was untimely brought and that the allegations in the motion did not justify the relief requested. The hearing on the motion was thereafter continued to January 31, 1989.

On January 31, 1989, the associate attorney handling the case for plaintiff was out of the country, and attorney Robert Clifford appeared in his stead. At that hearing, the trial court voiced some confusion over the precise nature of the motion, and Clifford indicated that the motion was brought pursuant to section 2—1401. Both the trial court and defense counsel expressed some surprise at this comment, stating that the face of the motion did not specifically refer to section 2—1401 and that it was not accompanied by any affidavits. Defense counsel argued that the motion was inadequate as a section 2—1401 petition based upon the lack of supporting affidavits. Defense counsel argued further that the motion should be denied on its merits because there was no evidence that the receipts and cancelled checks recently obtained by plaintiff's attorney related to treatment of plaintiff's decedent after June 1981.

The trial court held that in order to be considered as a section 2—1401 petition, it was necessary that the motion comply with the requirements of section 2—1401. Despite the fact that more than two years had elapsed after the entry of the dismissal order, the trial court granted plaintiff leave to file supporting affidavits.

Thereafter, plaintiff's counsel filed with the court his own affidavit which attested that in March 1987, he obtained from plaintiff certain receipts issued by defendant and cancelled checks negotiated by defendant after June 1981. Plaintiff's counsel's affidavit averred further that no evidence had been produced which would indicate that certain of these receipts and checks related to services rendered to any person other than the plaintiff's decedent. The plaintiff did not file an affidavit executed by him or attesting to relevant matters of which he had personal knowledge.

On March 31, 1989, the next court appearance, defense counsel stated that she appeared by a "special and limited appearance" to contest the trial court's *in personam* jurisdiction based upon lack of personal service of defendant. The trial court set a briefing schedule on the issue of whether defendant had waived the personal service requirement in section 2—1401. At each and every subsequent court appearance, defense counsel stated that she was present by virtue of a "special and limited appearance," but the record does not disclose that a special and limited appearance was ever filed by defendants.

On August 23, 1989, after considering the briefs of the parties on the jurisdiction issue, the trial court found that the plaintiff's previously filed motion to vacate was "transformed" into a section 2—1401 petition on January 31, 1989, by virtue of Mr. Clifford's statement that the motion was brought pursuant to section 2—1401. The court ruled that it was necessary for plaintiff to personally serve defendant with the petition and that service had not been waived. The court then ordered plaintiff to serve defendant with the petition and continued hearing on the merits of the motion to November 1, 1989.

On February 6, 1990, plaintiff filed with the court a document entitled "Affidavit of Special Process Server." The affidavit was executed by Ron Peters, who identified himself as a "special process server" and attested that on November 29, 1989, he personally served defendant with plaintiff's motion to vacate the dismissal order. The record does not, however, contain any motion to appoint a special process server, nor any order appointing Mr. Peters as a special process server.

After several continuances, the trial court finally heard the merits of plaintiff's motion on May 21, 1990. At that hearing, the court and defense counsel made reference to an affidavit executed by defendant which averred that he had never been personally served with a copy of plaintiff's motion to vacate. This affidavit does not, however, appear in the record.

The trial court denied plaintiff's section 2—1401 petition, finding that plaintiff had failed to personally serve defendant with a copy of the petition. Plaintiff has appealed, asserting that defense counsel's appearance and objections to the motion constituted a waiver of the service requirement for a section 2—1401 petition and that the trial court erred in denying his section 2—1401 petition to vacate the order of dismissal.

■ In analyzing a pleading, a court of review will look to the content of the pleading rather than its label. (*Schiffman v. Bowman* (1980), 88 Ill. App. 3d 766, 769, 411 N.E.2d 71, 74.) Once more than 30 days have elapsed after the entry of a final order or judgment, a party may request relief only under section 2—1401. (*Schiffman*, 88 Ill. App. 3d at 768, 411 N.E.2d at 73.) Where a motion to vacate is filed more than 30 days after the final judgment of the trial court, it must be considered as a motion for relief under section 2—1401. *Schuman v. Department of Revenue* (1967), 38 Ill. 2d 571, 573, 232 N.E.2d 732; *Gruss v. Beverley* (1990), 201 Ill. App. 3d 502, 511, 559 N.E.2d 135, 141; *Halleck v. Trumfio* (1980), 85 Ill. App. 3d 1051, 1053, 407 N.E.2d 867; *Slade v. Bowman* (1977), 49 Ill. App. 3d 242, 245, 364 N.E.2d 922.

■ In the instant case, the plaintiff's motion to vacate was filed July 15, 1987, more than 30 days after, but within two years of, the entry of the dismissal order. Clearly, the only manner in which he could seek relief from this final order at the trial level was by virtue of a section 2—1401 petition. (*Schiffman*, 88 Ill. App. 3d at 768, 411 N.E.2d at 73.) It is evident that even if the motion did not satisfy all of the technical requirements contained in section 2—1401, it was a timely filed motion for relief under that section and should have been treated as such by the trial court at all times after its filing.

Contrary to the arguments of defense counsel, the motion was not "transformed" into a section 2—1401 petition merely by the appearance and comments of Mr. Clifford on January 31, 1989. No new petition was filed at that time, and nothing in the actions of Mr. Clifford could have altered the basic nature or substance of the motion itself. Thus, the July 15, 1987, motion to vacate must be considered as a motion for relief under section 2—1401, and its adequacy must be judged against the requirements of that section.

Defendant asserts, and the trial court found, that the motion must be denied because plaintiff failed to personally serve defendant with a copy thereof. Plaintiff appropriately argues, however, that defense counsel's appearance and objections to the motion constituted a gen-

eral appearance and a waiver of the service requirement in section 2—1401.

■ A party seeking relief under section 2—1401 must give notice to opposing parties according to Supreme Court Rules 105 and 106. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401.) Under these rules, notice is to be given by (1) personal service, (2) by prepaid registered mail with return receipt requested, or (3) by publication. (134 Ill. 2d Rules 105, 106.) Notice is indispensable to due process, and compliance with the rules is essential to jurisdiction. *Public Taxi Service, Inc. v. Ayrton* (1973), 15 Ill. App. 3d 706, 710, 304 N.E.2d 733.

■ Yet, any defects in the service of a section 2—1401 petition are waived when the defendant generally appears in court on the petition. *Sabatino v. Kozy Kottage Inn, Inc.* (1981), 102 Ill. App. 3d 375, 378-79, 430 N.E.2d 73; *Schiffman*, 88 Ill. App. 3d at 769, 411 N.E.2d at 73; *Community Bank & Trust Co. v. Pavlich* (1980), 84 Ill. App. 3d 1080, 1082-83, 406 N.E.2d 164; *Slade*, 49 Ill. App. 3d at 246.

■ In the case at bar, the motion to vacate was filed July 15, 1987, and served upon defense counsel. No objection was made at that time to the designation of the motion or to the fact that there was no affidavit evidencing personal service of the motion upon the defendant doctor. Instead, defense counsel opposed the motion in September 1988, contending that the motion was untimely and should be denied on the merits because there was no evidence that the newly discovered receipts and cancelled checks related to treatment of plaintiff's decedent. As already noted, the motion was not untimely because it was filed only six months after the entry of the dismissal order and well within the two-year period set forth in section 2—1401.

Appellate counsel stated during oral argument before this panel that defense counsel argued during the January 31, 1989, hearing that the trial court did not have jurisdiction to consider the plaintiff's motion to vacate.

Careful review of the transcript of that hearing indicates that Mr. Clifford advised the court at the outset of the hearing that plaintiff's motion to vacate was predicated upon section 2—1401. At page 7 of the transcript, defense counsel stated that she had been unsure as to the nature of the motion because it was filed well beyond the 30th day after entry of the agreed order and because it did not comply with the technical requirements of section 2—1401. Defense counsel then stated that because the agreed order of dismissal contained Rule 304(a) language, the matter had to be taken up on appeal and the trial court was without subject matter jurisdiction to hear the motion. The remainder of the comments made by defense counsel related to the

merits of the motion to vacate and to the sufficiency of the evidence upon which the motion to vacate was based.

At no time during the January 31, 1989, hearing did defense counsel enter or mention a "special and limited appearance" on the basis of a lack of personal jurisdiction. Moreover, the memorandum filed by defense counsel in September 1988 in opposition to the motion to vacate raised the question of the court's subject matter jurisdiction but made no mention of a lack of personal jurisdiction over defendants. The first mention of a "special and limited appearance" occurred in March 1989.

Counsel for defendant appeared before the court on several scheduled court dates between July 1987 and January 1989, but never objected to the lack of personal service upon defendant. The record reflects that on many of these occasions, defense counsel argued that the motion should be denied on its merits. It was not until March 1989 that defense counsel voiced any objection to the fact that the defendant doctor had not been personally served. At each subsequent hearing date, defense counsel advised the trial judge that she appeared by virtue of a "special and limited appearance," but the record does not reflect that any such document was ever filed with the court.

We hold that defense counsel's presence before the trial court and arguments on the merits of plaintiff's motion constituted a general appearance and a waiver of the necessity to personally serve the defendant with a copy of the motion.

Defendant's general appearance and waiver of the personal service requirement do not, however, alter the fact that the motion filed by plaintiff did not comply with the other requirements of section 2—1401 and was properly denied.

As a general rule, a court loses the power to review its judgments after the passage of 30 days. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294.) Consequently, a request to vacate a prior judgment is properly before the trial court only when presented by petition in accordance with section 2—1401. *Pape v. Department of Revenue* (1968), 40 Ill. 2d 442, 240 N.E.2d 621; *Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 215 N.E.2d 271; *Garcia v. Lozada* (1978), 58 Ill. App. 3d 875, 374 N.E.2d 1078; *Spears v. Spears* (1977), 52 Ill. App. 3d 695, 367 N.E.2d 1004.

■ Section 2—1401 clearly states that "[r]elief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this [s]ection" and that "[t]he petition must be supported by affidavit or other appropriate showing as to

matters not of record." Ill. Rev. Stat. 1991, ch. 110, pars. 2—1401(a), (b).

The motion filed by plaintiff in this case clearly fails to comply with the requirements of section 2—1401. The motion was not verified and was not supported by affidavit. It is, therefore, insufficient as a matter of law. *Stallworth v. Thomas* (1980), 83 Ill. App. 3d 747, 404 N.E.2d 554; *Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 482, 386 N.E.2d 284, 286; *Okumura v. Nisei Bowlium, Inc.* (1976), 43 Ill. App. 3d 753, 756, 357 N.E.2d 187.

At the hearing on January 31, 1989, the trial court recognized and informed plaintiff's attorney that the July 15, 1987, motion was insufficient to comply with the requirements of section 2—1401. Rather than deny the relief requested, the court afforded plaintiff the opportunity to file affidavits in support of the motion so as to comply with that requirement of section 2—1401. Thereafter, counsel for plaintiff filed only an affidavit of his own which described how he came into possession of the receipts and cancelled checks at issue and which asserted that there was no evidence indicating that these documents related to treatment of any person other than the plaintiff's decedent. The plaintiff did not file an affidavit executed by him or attesting to relevant matters of which he had personal knowledge.

■ Although it is true that, in ruling on a motion to dismiss a section 2—1401 petition, all well-pleaded facts are to be taken as true, this rule does not extend to conclusions drawn by the pleader. (*People v. Jayne* (1977), 52 Ill. App. 3d 990, 368 N.E.2d 422.) In order to be legally sufficient, a request for relief under section 2—1401, based upon matters outside the trial record, must be supported by the sworn allegations of the party or parties having personal knowledge of the relevant facts, set forth either by verified petition or by attached affidavit. *Mitchell*, 68 Ill. App. 3d at 482, 386 N.E.2d at 286; *Okumura*, 43 Ill. App. 3d at 756, 357 N.E.2d at 190.

In the instant case, plaintiff's motion to vacate was not verified and was not supported by his affidavit attesting to matters outside the record which were within his personal knowledge. Even after the court granted leave to file supporting affidavits 18 months after the motion was filed, the only affidavit presented to the court was that of plaintiff's attorney, who did not have personal knowledge of many of the facts asserted therein. These circumstances make it evident that the plaintiff's motion was insufficient when judged against the requirements of section 2—1401.

Moreover, in order to be entitled to relief under section 2—1401, the petitioner must allege and prove that he has a meritorious de-

fense; that it was through no fault or neglect of his own that the meritorious defense was not presented to the trial court; that he exercised due diligence in defending the original action; and that he exercised due diligence in filing the petition for section 2—1401 relief, and the petitioner must set forth specific factual allegations supporting each of the above elements. *Mitchell*, 68 Ill. App. 3d at 482, 386 N.E.2d at 286.

Plaintiff's motion failed to set forth factual allegations, but asserted mere conclusions as grounds for the relief requested. The motion offered no explanation for his failure to file a petition seeking to vacate the dismissal within 30 days and alleged no facts demonstrating his exercise of due diligence in presenting his claim or in filing the motion to vacate. The motion to vacate asserted merely the conclusory statement that plaintiff's attorney exercised due diligence in seeking to vacate the dismissal order. These conclusory allegations were manifestly inadequate to meet the requirements of section 2—1401, and the plaintiff's motion was wholly insufficient to warrant relief under that section. *(Kaput v. Hoey* (1988), 124 Ill. 2d 370, 530 N.E.2d 230; *Gruss*, 201 Ill. App. 3d at 508, 559 N.E.2d at 138-39.) Consequently, the trial court properly denied plaintiff's motion to vacate the prior agreed order which dismissed defendants from the action.

It is well established that a court of review may affirm a decision of the trial court upon any grounds appearing in the record despite the fact that the lower court's determination was predicated upon another basis. *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9, 12.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

RAKOWSKI, P.J., and McNAMARA, J., concur.