**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 200207-U

Order filed February 22, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Tazewell County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0207 Circuit No. 98-CF-3 |
| | ) | |
| RAKESH V. PATEL, | ) ) | Honorable Katherine S. Gorman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Hettel and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:   The court did not err by dismissing the defendant's section 2-1401 petition.

¶ 2      The defendant, Rakesh V. Patel, argues that his petition is no longer time barred, the court committed plain error by granting the State's motion to dismiss, his conviction is void, and he pled sufficient facts to establish a section 2-1401 claim.

¶ 3                                  I. BACKGROUND

¶ 4 The State charged the defendant with two counts of unlawful restraint (720 ILCS 5/10-3(a) (West 1998)) and one count of aggravated criminal sexual abuse (*id.* § 12-16(a)(6)). On July 6, 1998, the defendant appeared in court with counsel. The parties informed the court that the defendant was pleading guilty. The State agreed to amend the indictment and the defendant would plead guilty to criminal sexual abuse (*id.* § 12-15(1)). The court asked the defendant if he understood the charge and the defendant nodded affirmatively. Defense counsel stated:

"I have attempted to explain to my client in the simplest language that I possibly can think of as to what it is that this case charges him with, now in its amended form.

He has indicated to me that he understands that he is being charged with an act of sexual conduct, in touching the breast of this lady, and that he is admitting that in fact he did do that without authorization or permission from her."

The court asked the defendant if that was correct, and he responded affirmatively. The court inquired "You plead guilt---Are you guilty?" The defendant responded "Yeah." The court told him to speak up, and the defendant responded "Yes, sir."

¶ 5 The court began to advise the defendant of the rights he was giving up but then stated "I am getting lots of blank looks from the Defendant just because he is having trouble understanding what I am saying. We need to continue this over for, to get an interpreter. I'm sorry, [the defendant], do you understand?" Defense counsel responded that the defendant "just advised [him] that one of the people with [the defendant] today is proficient in the Indian dialect, that [the defendant] is conversing with and perhaps this gentleman would be willing to assist as an interpreter to explain to [the defendant] what Your Honor is stating." The court responded "I

assume the Defendant is conversing in that dialect. I need somebody that is conversing in English." Defense counsel stated "Right. Yes." The court then asked if the parties objected to going off the record and defense counsel responded that he had no objection. The court stated, "One of you gentlemen, can you interpret?" Defense counsel responded "Yes." The court stated, "I think I might have used interpreter---" and the transcription ends. The transcript notes "(Whereupon, interpreter was sworn in)" and the remaining matters were held off record.

¶ 6        A written order indicates that the court informed the defendant of his rights and found he understood the charges, the potential sentences, that he had the right to plead not guilty, and that he had the right to a trial, which he was giving up by pleading guilty. The order stated that the court found the defendant knowingly, voluntarily, and understandingly pled guilty. It further indicated that there was a factual basis for the plea. The order also provided that the defendant was sentenced to 180 days in jail and 24 months' probation. The written probation order included a requirement for the defendant to provide proof that he had reported to Immigration and Naturalization Services. The record also contains a copy of the Illinois Sex Offender Registration Act notification form, signed by the defendant. The defendant's term of probation expired, and on July 11, 2000, the court entered an order terminating his probation.

¶ 7        On October 29, 2019, the defendant filed a petition to vacate judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)). The petition alleged that the defendant wrote a statement for the police attempting to proclaim his innocence and a different version of events than what the victim had described. The defendant's affidavit attached to the petition stated that he tried to write a statement to the police about a mutual relationship with the victim. The petition included the statement as an exhibit. The defendant further alleged that he did not understand the proceedings on July 6, 1998, and did not

understand he was pleading guilty. Additionally, he alleged that he was not told of his right to speak with the Indian Consulate, and he would have preferred a trial. Last, the petition alleged that the July 6 proceedings were never translated to him. The defendant averred that his uncle was in court with another person, and they acted as translators, but neither could speak English fluently. The petition argued that the conviction is void because the court failed to ensure a proper translator, advise the defendant of his trial rights, and ensure his plea was voluntarily and knowingly made. It further argued that if the judgment was not void, equitable tolling should apply because the defendant was alleging a meritorious defense which he tried to allege in the initial proceeding. Last, the petition argued that the conviction was void and should be vacated because the defendant was denied his right to consular notification under the Vienna Convention.

¶ 8    The State filed a motion to dismiss arguing the petition was time-barred and it failed to state a claim because the defendant could not show he had a meritorious defense or that he was diligent in bringing the petition. The defendant filed a response arguing the judgment was void. He argued that the court did not ensure he had a proper interpreter and did not follow the necessary procedures for utilizing an interpreter. In support, he attached the Illinois Supreme Court Language Access Policy, that was effective October 1, 2014. The defendant also argued that equitable tolling should apply.

¶ 9    At the hearing on the motion to dismiss, defense counsel noted that it was unclear whether the State brought its motion to dismiss under section 2-615 or 2-619 of the Code, but the defendant could overcome the motion regardless of which of those sections it was brought under. Counsel argued that the judgment was void because the court did not ensure the defendant understood what was happening. However, counsel noted that they were not able to locate the individual who acted as the interpreter and argued that is why the motion to dismiss should be

denied so the factual record could be developed because the interpreter was a farmer from India who had a tenth-grade education. Counsel further argued that the conviction had substantial effects on the defendant and noted he had been denied immigration benefits and was not able to remain in the country. Defense counsel subsequently submitted a brief addressing a case that the State relied on regarding voidness and in that brief, he concluded that "it is now clear that the People's Motion to Dismiss is brought pursuant to 735 ILCS 5/2-615."

¶ 10       The court issued a written decision granting the motion to dismiss. It found the judgment was not void and was untimely. It further determined that even if the matter was not time-barred, the defendant failed to allege any claim unknown to him at the time of the judgment, could not show any diligence in pursuing the underlying case or the petition, and could not establish a meritorious claim based on the right to consular notification. The defendant appeals.

¶ 11                                    II. ANALYSIS

¶ 12       The defendant argues that the court erred by dismissing his section 2-1401 petition. Specifically, the defendant argues: (1) his petition is no longer time-barred because of the enactment of subsection (c-5) of section 2-1401 of the Code, (2) the court committed plain error by granting the State's hybrid motion to dismiss, (3) his conviction is void, and (4) he pled sufficient facts to establish a section 2-1401 claim.

¶ 13       Initially, subsection (c-5) of section 2-1401 of the Code states, "Any individual may at any time file a petition and institute proceedings under this Section, if his or her final order or judgment, which was entered based on a plea of guilty or *nolo contendere*, has potential consequences under federal immigration law." 735 ILCS 5/2-1401 (c-5) (West Supp. 2021). Based on this, the State has conceded that the defendant's petition is no longer time barred. We, thus, treat the petition as timely for purposes of this order.

5

¶ 14    Next, the defendant acknowledges that he forfeited his argument that the court erred by granting the State's hybrid motion to dismiss (*e.g.*, see *People v. Enoch*, 122 Ill. 2d 176, 186 (1988)) but argues that it constitutes second-prong plain error because the court became the State's advocate. The first step in a plain error analysis is to determine whether a "plain error" occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 564-65 (2007). "The word 'plain' here is synonymous with 'clear' and is the equivalent of 'obvious.' " *Id.* at 565 n.2.

¶ 15    The failure to designate which section of the Code a motion to dismiss is brought under is not always fatal. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 484 (1994). The court may treat a motion to dismiss as being brought under a particular section even when a party fails to make such a designation. *Urbaitis v. Commonwealth Edison*, 143 Ill. 2d 458, 475 (1991). Although the record indicates that the State failed to designate which section of the Code its motion to dismiss was filed under, the record does not indicate that the court acted as the State's advocate, rather it applied the law to the facts of the case. Therefore, we cannot say that a clear or obvious error occurred.

¶ 16    Turning to the defendant's claim that his conviction is void, our supreme court has made it clear that a judgment is only void if it was entered by a court lacking jurisdiction or "was based on a statute that is facially unconstitutional and void *ab initio*." *People v. Abdullah*, 2019 IL 123492, ¶ 13. The defendant does not argue that his conviction was void on either of these bases but asks that the law be expanded. We will not do so.

¶ 17    Lastly, the defendant argues that he pled sufficient facts to establish a section 2-1401 claim. To obtain relief under section 2-1401, the defendant needed to "set forth specific *factual* allegations supporting each of the following elements: (1) the existence of a meritorious defense; (2) due diligence in presenting this defense; and (3) due diligence in filing the section 2-1401

petition for relief." (Emphasis in original.) *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 51. "Due diligence requires the section 2-1401 petitioner to have a reasonable excuse for failing to act within the appropriate time." *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 222 (1986). "[A] party relying on section 2-1401 is not entitled to relief 'unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court.' " *Id.* (quoting *Brockmeyer v. Duncan*, 18 Ill. 2d 502, 505 (1960)). "In determining the reasonableness of the excuse offered by the petitioner, all of the circumstances attendant upon entry of the judgment must be considered, including the conduct of the litigants and their attorneys." *Id.* "Although it is true that, in ruling on a motion to dismiss a section 2-1401 petition, all well-pleaded facts are to be taken as true, this rule does not extend to conclusions drawn by the pleader." *Padilla v. Vazquez*, 223 Ill. App. 3d 1018, 1026 (1991).

¶ 18    Here, regarding the interpreter at the plea hearings, the defendant himself suggested the use of an individual who he had been conversing with—who he identified as his uncle—as an interpreter such that he would not be able to establish that any issue with the interpretation or his understanding of the proceedings was not due to his own fault. Moreover, the defendant failed to allege a meritorious defense. Although his affidavit alleged that he attempted to tell the police about a mutual relationship with the victim, he does not provide any factual allegations that the touching that he was charged with was consensual or otherwise non-criminal. Further, the defendant's petition wholly failed to allege any facts showing he was diligent in filing the section 2-1401 petition, which he did not do until more than 21 years after he pled guilty and more than 19 years after he completed his sentence. Additionally, although defendant's petition alleged he was denied his right to consular notification under the Vienna Convention, the petition only alleged that this denial rendered his judgment void. We have already determined the judgment

7

was not void. See *supra* ¶ 14. Based on the foregoing, the defendant's section 2-1401 petition was properly dismissed.

¶ 19                                    III. CONCLUSION

¶ 20        The judgment of the circuit court of Tazewell County is affirmed.

¶ 21        Affirmed.